(69 App. Div. 14.)

PEOPLE v. BREMER.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. AGRICULTURAL LAW—OLEOMARGARINE—CHANGE IN PENALTY—EFFECT.

Under Laws 1892, c. 677, §§ 31, 32, as amended by Laws 1894, c. 448,. declaring that the repeal of a statute, or any part thereof, should not affect any liability, penalty, or forfeiture incurred prior to the time such appeal takes effect, Laws 1901, c. 656, changing the penalty provided by Agricultural Law, § 37, as amended by Laws 1899, c. 435, for the sale of oleomargarine, did not destroy the right to recover under Agricultural Law, § 37, as amended, for a violation thereof occurring previous to the passage of the amendment of 1901, but brought to trial thereafter.

2. SAME—FORM OF PROCEDURE.

Agricultural Law, § 37, providing that any person violating any of the provisions of the article shall forfeit the sum of not less than $25, nor more than $100, for every violation, contemplates the recovery of the penalty by civil, and not criminal, procedure.

3. SAME—DETERMINATION OF PENALTY.

The fact that no provision is made as to who shall determine the amount of the sum to be forfeited does not prevent recovery, but the penalty may be enforced, at least as to the smaller sum.

4. SAME—PLEADING—AMENDMENT—CHANGE OF NATURE OF ACTION.

Laws 1893, c. 338, § 26, as amended by Laws 1897, c. 768, prohibits. the manufacture and sale of oleomargarine and other similar products. "as butter." The complaint in an action to recover a penalty for a violation of the section merely alleged the sale of a substance in imitation or semblance of butter which was not so in fact. Held, that permitting an amendment at trial so as to allege that the substance was sold "as. butter" was such a complete change in the nature of the action as to be reversible error.

5. SAME—EVIDENCE—ADMISSIONS—INSTRUCTIONS.

In an action to recover a penalty for violation of Laws 1893, c. 338, § 26, as amended by Laws 1897, c. 768, prohibiting the sale of oleomargarine, etc., "as butter," one witness, who, as inspector, examined defendant's stock, testified that defendant told him that he had been selling a substance found on analysis to be oleomargarine "for butter," and this was the only evidence that the substance was sold "as butter." Held, that defendant was entitled to an instruction that, if the jury did not believe that he made the alleged admission, they should find for defendant.

Appeal from trial term, New York county.

Action by the people of the state of New York against John Bremer. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN,. and INGRAHAM, JJ.

H. R. Limberger, for appellant.
E. L. Aldrich, for the People.

VAN BRUNT, P. J. This action was brought to recover a penalty claimed to be due for violation of section 26 of the agricultural law, as amended by chapter 768 of the Laws of 1897. It is claimed by the respondent that the penalty for such a violation was, at the time this action was commenced, provided for by section 37 of chapter 338 of the Laws of 1893, as amended by chapter 559 of the Laws of 1900. The appellant, however, insists that said sec-

tion, if applicable, must be construed to authorize a criminal, but not a civil, action, and further claims that the act was no longer in existence at the time of the trial, and consequently no judgment could be rendered under it. The appellant urges that the penalty was fixed by section 37 of the agricultural law, as amended by chapter 435 of the Laws of 1899. It would seem, however, that, the said section being amended by chapter 559 of the Laws of 1900,. the section as amended 'is applicable, if it was in existence for the purposes of this case at the time of the trial. It seems to us that the right to a recovery, if any right of action existed at the time of the bringing of the action, was preserved by section 31 of chapter 677 of the Laws of 1892, and section 32 of the same law as amended by chapter 448 of the Laws of 1894, wherein it was declared that the repeal of a statute, or any part thereof, should not affect or impair any rights acquired, or any liability, penalty, forfeiture, or punishment incurred, prior to the time such appeal takes effect; and it is to be presumed that all subsequent legislation was had in view of this provision of the law as to the effect of repeals and modifications of statutes. We cannot see that the claim that the section under which this action is brought only authorized a. criminal procedure has any foundation in the language of the statute. It was clearly intended that the persons offending against the provisions of the law should be subject to a penalty which could only be collected in a civil action. The fact that the penalty is fixed at a sum not less than $25, nor more than $100, for every violation,. and that no provision is made as to who shall determine the amount of the sum to be forfeited, would seem in no way to preclude the recovery of the smaller sum mentioned in the statute. Section 26 of chapter 338 of the Laws of 1893, as amended by chapter 768 of the Laws of 1897, reads as follows:

"Sec. 26. Manufacture and Sale of Imitation Butter Prohibited. No person by himself, his agents or employees, shall produce or manufacture out of or from any animal fats or animal or vegetable oils not produced from unadulterated milk or cream from the same, the article known as oleomargarine or any article or product in imitation or semblance of natural butter produced from pure unadulterated milk or cream of the same; or mix, compound with or add to milk, cream or butter, any acids or other deleterious substance or any animal fats or animal or vegetable oils not produced from milk or cream, so as to produce any article or substance or any human food in imitation or in semblance of natural butter, nor sell, keep for sale, or offer for sale any article, substance, or compound made, manufactured or produced in violation of the provisions of this section, whether such article, substance or compound shall be made or produced in this state or elsewhere. Any dealer in any article or product, the manufacture or sale of. which is prohibited by this act, who shall keep, store or display such article or product, with other merchandise or stock, in his place of business, shall be deemed to have the same in his possession for sale."

This section prohibited the production or manufacture, and the sale, keeping for sale, or offering for sale, of the article known as "Oleomargarine," or any article or product in imitation or semblance of natural butter; and it was evidently intended to mean those cases where oleomargarine was manufactured with the intent that it should resemble natural butter, and be sold as such. There is no prohibi-

tion against the manufacture of oleomargarine, as such; but when made to imitate natural butter, and sold as such, there is a violation of the provision of this section of the agricultural law.

The complaint in this action averred that the defendant, at No. 485 Columbus avenue, in the city of New York, did keep for sale, offer for sale, have in his possession for sale, and did sell a manufactured substance which was a product in imitation or semblance of natural butter produced from unadulterated milk, or cream of the same; that said substance was not butter, but was an oleaginous substance not produced from pure, unadulterated milk, or cream of the same, but manufactured from animal fats or animal or vegetable oils not produced from unadulterated milk, or cream of the same; that the said substance was colored with some coloring matter whereby it was made to, and did, resemble butter, the product of the dairy. The answer consisted of a general denial, and when the case came up for trial, at the opening, a motion was made to dismiss the complaint on the ground that the law under which the forfeiture was claimed was no longer in existence, that there was no allegation in the complaint that the substance in question was offered for sale or sold "as butter," and that section 26 of the agricultural law was unconstitutional. This motion was denied, and exception taken. The plaintiff then moved to entirely change the nature of the claim as stated in the complaint, by adding the phrase "did sell and manufacture a substance," etc., "as butter." This amendment was objected to on the part of the defendant. It seems to us that such a complete change in the nature of the action ought not to have been made at the trial, and for that, if for no other, reason, the judgment should be reversed.

There is an exception to a refusal of a request to charge, which needs consideration. The evidence showed that two agents of the department of agriculture of the state of New York on one of their tours of inspection were at the store of the defendant, and saw a clerk, and told him they desired to make an inspection of the butter in the store, and the clerk said, "All right." They then made a search throughout the store, and found a lot of butter, and in an ice box they also found a tub containing a substance which they knew was not butter. The agents testified that there was no attempt made to conceal it, and that the defendant had three or four tubs in his place. They took a sample of this substance, and it was analyzed by the state chemist, who testified upon the trial that it was oleomargarine. The only evidence that the defendant had attempted to sell this article as butter was an alleged admission, sworn to by one of the inspectors, who stated that the defendant told them he had been selling it for butter at 27 cents a pound. The defendant's counsel, before the case was submitted to the jury, requested the court to charge that, if the jury did not believe that the defendant made the alleged statement to the inspector, their verdict must be for the defendant. This request the court declined to charge, and the defendant's counsel excepted. This, we think, was error. There was no circumstance whatever which tended to support the evidence of the inspector. He alone swore to this

admission. The good faith and innocence of the defendant was conceded by the witnesses of the plaintiff, and where the whole case depends upon an admission which is·unsupported by any surrounding circumstances, and is testified to by a party who is seeking evidence, it seems to us that the question as to whether such admission had been made was one for the jury. It must be borne in mind that admissions are the most unreliable kind of evidence,. and that the interpolation of the words "as butter" would make all the difference between an admission by the defendant of having done an act which he had a right to do, and an admission of doing an act which brought him within the prohibition of the law.

Judgment and order should therefore be reversed, and a new trial. ordered, with costs to appellant to abide event. All concur.